**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 16-537 (JLL) |
| v. | : | **OPINION** |
| MICHAEL A. HEDGEMAN, | : | |
| Defendant. | : | |

**LINARES**, Chief District Judge

The defendant, Michael A. Hedgeman, has appeared before the Court and has entered a plea of guilty to one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 14.) The issue currently before this Court is the proper length of the sentence to be imposed on Hedgeman.

The length of Hedgeman's sentence depends upon whether his 2003 New Jersey state conviction of third degree aggravated assault (hereinafter, "Third Degree Aggravated Assault Conviction") under N.J.S.A. 2C:12-1(b)(7) is considered to be a crime of violence under the United States Sentencing Guidelines (hereinafter, "the Guidelines"). For the following reasons, the Court finds that the Third Degree Aggravated Assault Conviction is indeed a crime of violence under the Guidelines.

## I. United States Sentencing Guidelines and N.J.S.A. 2C:12-1(b)(7)

### A. Base offense levels under U.S.S.G. § 2K2.1(a)

Under the Guidelines, a defendant convicted in federal court of illegal possession of a firearm can be assessed a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either *a crime of violence* or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2) (emphasis added). However, that defendant can be assessed a lower base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either *a crime of violence* or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A) (emphasis added).

### B. U.S.S.G. § 4B1.2(a)

Section 4B1.2(a) of the United States Sentencing Guidelines provides the following:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).

### C. Aggravated assault in the third degree

Pursuant to New Jersey law, a "person is guilty of aggravated assault if he . . . [a]ttempts to cause significant bodily injury to another or causes significant bodily injury purposely or knowingly or, under circumstances manifesting extreme indifference to the value of human life recklessly causes such significant bodily injury." N.J.S.A. 2C:12-1(b)(7).

## II. Background

### A. Current charge

On November 22, 2016, Hedgeman was indicted for one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), based upon his arrest on June 3, 2016. (ECF No. 1, Indictment.) He subsequently entered a plea of guilty to that charge on June 19, 2017. (ECF No. 14.)

### B. Relevant previous convictions

Hedgeman was convicted in 2001 in New Jersey state court for possession of a controlled dangerous substance with intent to distribute within 1000 feet of school property in the third degree (hereinafter, "CDS Conviction"), in violation of N.J.S.A 2C:35-7 and N.J.S.A. 2C:35-5(a). The Government and Hedgeman agree that the CDS Conviction should count as a felony conviction of a controlled substance offense for the purposes of computing his sentence under the Guidelines. *See* U.S.S.G. § 2K2.1(a) (providing the base offense level computations for the unlawful possession of a firearm,

where the defendant has been convicted of prior controlled substance offenses). If the Court were to refer to the CDS Conviction alone, then Hedgeman's base offense level would be 20, with further computations for his sentence resulting in a downward adjustment to a total offense level of 19. At a total offense level of 19, the resulting advisory Guidelines range for Hedgeman's sentence would be 63 months to 78 months.

However, the United States Probation Office has also treated the Third Degree Aggravated Assault Conviction — which was based upon Hedgeman's plea of guilty to the charge — as a qualifying felony conviction of a crime of violence in the Presentence Investigation Report, and has recommended that it be counted as a second felony conviction for the purposes of computing Hedgeman's sentence. If correct, then Hedgeman's base offense level would be 24, with further computations for his sentence resulting in a downward adjustment to a total offense level of 23. At a total offense level of 23, the resulting advisory Guidelines range for Hedgeman's sentence would be 92 months to 115 months. Hedgeman objects to this calculation, and argues that his Third Degree Aggravated Assault Conviction is not a crime of violence under the Guidelines.[1]

The Court must address this dispute concerning the calculation of Hedgeman's advisory Guidelines range, because it will affect the sentence that he will receive. *See United States v. Fumo*, 655 F.3d 288, 329 (3d Cir. 2011) (stating that the sentencing

---

[1]     The United States Probation Office utilized the 2016 Guidelines Manual, which was effective as of November 1, 2016, and Hedgeman has not objected to this. The previous version of the Guidelines Manual was effective as of November 1, 2015, and was supplemented on August 1, 2016. The Court notes that the language of Section 4B1.2(a)(1) is the same in each of those versions of the Guidelines Manual.

district court must calculate a defendant's Guidelines range in the same manner as before the issuance of *United States v. Booker*, 543 U.S. 220 (2005)); *United States v. Leahy*, 445 F.3d 634, 663 (3d Cir. 2006) (stating that the sentencing district court must either rule on any disputed portion of a presentence investigation report, or determine that a ruling is unnecessary because it will not affect the sentence).

The Court has considered the papers submitted by the Government and by Hedgeman. (*See* U.S. Probation Office Presentence Investigation Report; Hedgeman Initial Br.; Gov't Responsive Br.; Hedgeman Further Br.) In addition, the Court has conducted oral argument, with counsel for the Government and Hedgeman being present. (ECF No. 22.) In addressing this dispute, this Court is cognizant of the fact that the Government bears the burden of demonstrating that Hedgeman's sentence should be calculated by using the higher base offense level. *See United States v. Howard*, 599 F.3d 269, 271–72 (3d Cir. 2010).

## III.   Analysis

### A.   Categorical approach

Hedgeman and the Government agree that the Court should focus the analysis upon the portion of the language in N.J.S.A. 2C:12-1(b)(7) that provides that a "person is guilty of aggravated assault if he . . . under circumstances manifesting extreme indifference to the value of human life recklessly causes such significant bodily injury," rather than upon the other language therein. (Gov't Br. at 4–5; Hedgeman Further Br. at 2.) Furthermore, as the Court reiterated during oral argument, the offense conduct is not

part of the analysis here, because the Government did not argue for that. (ECF No. 22 at 7.)[2]

As a result, the Court will employ the categorical approach, as opposed to the modified categorical approach, in analyzing whether the Third Degree Aggravated Assault Conviction can meet the requirements of a crime of violence under the Guidelines. *See Descamps v. United States*, 133 S. Ct. 2276, 2285, 2293 (2013) (reminding the district courts that they "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction," and that "[t]he modified approach . . . has no role to play . . . [when] . . . [t]he dispute . . . does not concern any list of alternative elements"); *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014) (holding that a sentencing district court should utilize the categorical approach "[i]n the ordinary case of identifying whether a prior conviction fits the § 4B1.2(a)(1) definition").

---

[2]    The Government has submitted the New Jersey state court Accusation that was filed against Hedgeman, which preceded his Third Degree Aggravated Assault Conviction. (*See* Gov't Br., Attachment 1.) The Accusation indicates that Hedgeman waived indictment and a trial by jury, and that he requested to be tried before a Judge. (*Id.*) In addition, it accuses Hedgeman of conduct that was "knowing[] or purpose[ful]," as opposed to conduct that was reckless. *Id.* As previously noted, that conviction was entered upon Hedgeman's plea of guilty. However, neither the Government nor Hedgeman has provided this Court with the plea colloquy transcript for the Third Degree Aggravated Assault Conviction. *See United States v. Horton*, 461 F. App'x 179, 183–84 (3d Cir. 2012) (concluding that the defendant was convicted of engaging in purposeful or knowing conduct under Section 2C:12-1(b)(7) based upon his admissions in the plea colloquy transcript). Furthermore, the Government did not suggest during oral argument that Hedgeman actually pleaded guilty to knowing or purposeful conduct for the Third Degree Aggravated Assault Conviction. (*See generally* ECF No. 22.) Therefore, the Court will continue the analysis by referring to reckless conduct only.

**B.     U.S.S.G. § 4B1.2(a)**

"Aggravated assault" is specifically listed as one of the enumerated offenses under the current version of Section 4B1.2(a)(2) of the Guidelines. *See* U.S.S.G. § 4B1.2(a)(2). Nonetheless, the Court is authorized to bypass Section 4B1.2(a)(2), and to perform the analysis under Section 4B1.2(a)(1) to determine whether the Third Degree Aggravated Assault Conviction meets the criteria of a crime of violence because it has as an element the use, attempted use, or threatened use of physical force against the person of another. *See United States v. Wilson*, No. 16-3485, 2018 WL 444190, at *2 n.2, *3 (3d Cir. Jan. 17, 2018) (providing the authority to do the same); *see also id.* at *7 n.10 (ruling that a federal conviction for bank robbery by intimidation was a crime of violence based on an analysis under Section 4B1.2(a)(1), even though robbery is enumerated under Section 4B1.2(a)(2), and holding that once "we conclude that [a crime] is categorically a 'crime of violence' under [Section 4B1.2(a)(1)], we do not analyze whether it also is a 'crime of violence' under [Section 4B1.2(a)(2)]"); *see also United States v. Knight*, 705 F. App'x 58, 62 n.24 (3d Cir. 2017) (ruling that a New Jersey state conviction for first-degree robbery was a crime of violence based on an analysis under Section 4B1.2(a)(1), and that as a result "we need not reach the issue of whether [the defendant's] robbery convictions fall within the generic definition of robbery or whether it remains an enumerated offense under the Guidelines").

## C. Crime of violence

### 1. Recklessness

The Government argues that the Third Degree Aggravated Assault Conviction is now considered to be a crime of violence. In support, the Government asserts that recent case law dictates that the language of N.J.S.A. 2C:12-1(b)(7) at issue — that a person commits a third-degree aggravated assault when he "under circumstances manifesting extreme indifference to the value of human life recklessly causes . . . significant bodily injury" — is sufficient to meet the "use of physical force against the person of another" requirement for a crime of violence under Section 4B1.2(a)(1). (Gov't Br. at 4–5.)

#### a. *Voisine* and its progeny

In view of the recent guidance provided by the United States Supreme Court in *Voisine v. United States*, 136 S. Ct. 2272 (2016), the Court finds that the Government's argument is correct. In *Voisine*, the Supreme Court announced that a crime of violence can encompass the use of force that has been undertaken recklessly. *Id.* at 2278–80.

In issuing the *Voisine* opinion, it appears to this Court that the Supreme Court thereby undermined any prior precedent that holds to the contrary as to an element of recklessness.[3] This Court is not alone in this observation, as the Courts of Appeals for the Fifth Circuit, the Sixth Circuit, the Eighth Circuit, and the Tenth Circuit have concluded the same. *See United States v. Verwiebe*, 874 F.3d 258, 262 (6th Cir. 2017)

---

[3] This includes any case law that has been entered by this Court previously that may be viewed as holding that an element of recklessness is insufficient for a conviction to be considered a crime of violence under Section 4B1.2(a)(1), which will be discussed *infra*.

(holding that a conviction for a reckless offense may qualify as a crime of violence for the purposes of the Guidelines, because reckless conduct can be commonly understood as "use of physical force" in light of *Voisine*), *pet. for reh'g & reh'g en banc denied*, No. 16-2591 (6th Cir. Jan. 3, 2018); *United States v. Pam*, 867 F.3d 1191, 1207–08 (10th Cir. 2017) (holding that a conviction for a crime that is based upon reckless conduct was sufficient to satisfy the physical force requirements of a crime of violence under the Guidelines in light of *Voisine*); *United States v. Fogg*, 836 F3d 951, 956 (8th Cir. 2016) (assessing a prior conviction that required a *mens rea* of recklessness, and holding that reckless conduct constitutes the use of physical force in light of *Voisine*), *pet. for reh'g & reh'g en banc denied*, No. 15-3078 (10th Cir. Oct. 31, 2016), *cert. denied*, 137 S. Ct. 2117 (2017); *United States v. Howell*, 838 F.3d 489, 500–01 (5th Cir. 2016) (holding that the "decision in *Voisine* substantially undercuts the statements in [prior case law] that 'use' of force encompasses only intentional conduct," and "that the mental state of recklessness may qualify as an offense that 'has as an element the use, attempted use, or threatened use of physical force against the person of another' within the meaning of § 4B1.2(a)(1) of the Guidelines"), *cert. denied*, 137 S. Ct. 1108 (2017); *see also United States v. Mendez-Henriquez*, 847 F.3d 214, 221 (5th Cir. 2017) (holding that *Voisine* set a "new standard[]" for the analysis of whether a conviction concerned a crime of violence), *cert. denied*, 137 S. Ct. 2177 (2017).[4]

---

[4] The Court of Appeals for the District of Columbia recently affirmed the part of a district court's holding that a charge of second degree murder qualified as a crime of violence in light of, among other things, the Supreme Court's holding in *Voisine* concerning reckless conduct. *See United States v. Benbow*, No. 12-3052, 2018 WL 411179, at *3 (D.C. Cir. Jan. 12, 2018). However, the *Benbow* opinion addressed the issue summarily and

### b. *Bennett*

Contrary to all of the aforementioned case law, the Court of Appeals for the First Circuit recently held that a conviction that is based upon the recklessness element of a crime may not be considered to be a crime of violence. *See Bennett v. United States*, 868 F.3d 1, 23 (1st Cir. 2017), *withdrawn and vacated*, 870 F.3d 34 (1st Cir. 2017).[5] This Court declines to follow *Bennett* here, because the First Circuit itself acknowledged that "*Voisine* certainly does call into question our otherwise seemingly applicable analysis in" earlier cases that a recklessness element is insufficient to meet a crime of violence, yet the First Circuit chose not to apply *Voisine* strictly based upon its confidence in the strength of its own prior precedents. 868 F.3d at 23 (internal quotation marks, citation, and alterations omitted). Because this Court does not sit within the jurisdiction of the First Circuit, this Court is not similarly bound, particularly in light of the persuasive guidance provided by the Courts of Appeals from four other Circuits.

Furthermore, this Court agrees with the Sixth Circuit's statement in *Verwiebe* that

---

without any analysis on the issue of recklessness. *See id.* Thus, this Court has not relied upon that opinion in reaching a conclusion here.

[5] The original *Bennett* opinion, which concerned a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, was withdrawn and vacated when the First Circuit was informed that the petitioner had died, and thus the controversy had become moot. *See* 870 F.3d at 36. However, the First Circuit specifically noted that "[a]lthough th[e] *Bennett* opinion is withdrawn as moot, it will remain accessible, for the benefit of those who desire to learn in detail the reasoning that [a subsequent First Circuit panel] . . . chose to endorse and adopt [in another opinion]." *Id.* (internal quotation marks and citation omitted). Thus, this Court assumes that the First Circuit will continue to adhere to the *Bennett* holding.

the First Circuit's holding in *Bennett* incorrectly complicated the holding in *Voisine*, and

that "[s]ometimes the simplest explanation is the best explanation," *i.e.*, the element of

reckless conduct necessarily requires the use of physical force against a person, and thus

such an element may satisfy Section 4B1.2(a)(1). *Verwiebe*, 874 F.3d at 263–64 (noting

in addition that "'crime of violence' jurisprudence, it's fair to say, already has plenty of

highly reticulated, difficult to explain distinctions[, and there is] no good reason to add

one more, especially one as gossamer thin as this one"). Thus, where the First Circuit

saw a "grievous ambiguity" in the *Voisine* holding concerning an element of

recklessness, 868 F.3d at 23, this Court finds a clear directive that has been pointed out

by the opinions of the Courts of Appeals from four other Circuits.

### c. *Baptiste*

Hedgeman's counsel brought the Third Circuit Court of Appeals case of *Baptiste*

*v. Attorney General*, 841 F.3d 601 (3d Cir. 2016), to the Court's attention during oral

argument. According to Hedgeman's counsel, the *Baptiste* opinion appeared to be in

lockstep with the First Circuit's assessment that *Voisine* does not extend the definition of

a crime of violence to include a crime involving reckless conduct. (ECF No. 22 at 12–

15.) But this Court interprets the holding in *Baptiste* differently at this juncture.

The *Baptiste* opinion acknowledged that the reach of *Voisine* could be extended to

other contexts, as the opinion explicitly noted that "[o]ne need not stretch the imagination

to see that applying the Court's formulation in *Voisine* to . . . [another] context might

sweep into the provision's ambit the pure recklessness and accidental force recklessness

crimes ...." *Baptiste*, 841 F.3d at 607 n.5. However, the Third Circuit prudently chose to limit its analysis to the very specific issue before it, to avoid engaging in extensive dicta concerning *Voisine* and recklessness, and to "leave that question for another day." *Id.* Thus, it appears to this Court that the *Baptiste* opinion raised the distinct possibility that a crime involving an element of recklessness could be defined as a crime of violence, just as this Court now holds as to the Third Degree Aggravated Assault Conviction, in view of the guidance provided by the opinions in *Verwiebe*, *Pam*, *Fogg*, *Howell*, and *Mendez-Henriquez*.[6]

## 2.   Bodily injury

The required degree of injury for the Third Degree Aggravated Assault Conviction that was caused by the reckless conduct was only "significant bodily injury," as opposed to serious bodily injury. *See* N.J.S.A. 2C:12-1(b)(7). Nonetheless, the Court concludes that the element of significant bodily injury is sufficient to meet the definition of a crime of violence under Section 4B1.2(a)(1).

Under New Jersey law, "significant bodily injury" is defined as "bodily injury which creates a temporary loss of the function of any bodily member or organ or temporary loss of any one of the five senses." N.J.S.A. 2C:11-1(d). Furthermore, "bodily injury" alone under New Jersey law is defined as "physical pain, illness or any impairment of physical condition." N.J.S.A. 2C:11-1(a).

---

[6]   The *Baptiste* opinion is the subject of a petition for a writ of certiorari before the United States Supreme Court that has been pending for several months. *See* U.S. Supreme Ct. Case No. 16-978 (found at https://www.supremecourt.gov/docket). As a result, it is an open question at this time as to whether the *Baptiste* opinion will remain viable.

Both of the aforementioned definitions under New Jersey law are consistent with the federal definition of "physical force," which requires only "force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). Indeed, the relevant case law does not distinguish the concept of "bodily injury" from the concept of "physical force." *See id.*; *see also United States v. Anderson*, No. 15-578, 2016 WL 6595909, at *3 (D.N.J. Nov. 7, 2016) (stating the same); *Yates v. United States*, 842 F.3d 1051, 1053 (7th Cir. 2016) (holding that a prior state court battery conviction contained the elements to constitute a crime of violence, because the state statute defined bodily harm as meaning "physical pain or injury, illness, or any impairment of physical condition," and that language "tracks what *Curtis Johnson* said would suffice" for a crime of violence concerning force and bodily injury). In addition, the New Jersey definition of "bodily injury" is identical to the definition of "bodily injury" under the Model Penal Code. *See* Model Penal Code § 210.0(2).

Thus, the element of the Third Degree Aggravated Assault Conviction that requires that the reckless conduct result in "significant bodily injury" is sufficient, because a requirement that the reckless conduct result in only "bodily injury" would have sufficed to meet the element of "physical force" under Section 4B1.2(a)(1). *See Briolo v. Att'y Gen.*, 515 F. App'x 126, 129 (3d Cir. 2013) (holding the same in addressing the "significant bodily injury" element in an assessment of a conviction under N.J.S.A. 2C:12-1(b)(7)). This is particularly true as to this Third Degree Aggravated Assault

Conviction, where significant bodily injury occurred "under circumstances manifesting extreme indifference to the value of human life." N.J.S.A. 2C:12-1(b)(7).

### D. *Knight* and *Nelson*

This Court has ruled on two occasions that particular convictions for third degree aggravated assault under New Jersey law were not to be considered crimes of violence. *See Nelson v. United* States, No. 16-3409, 2017 WL 150242, at *5 (D.N.J. Jan. 12, 2017); *United States v. Knight*, No. 15-004, 2016 WL 223701, at *5–*6 (D.N.J. Jan. 19, 2016), *aff'd on separate grounds*, 705 F. App'x 58 (3d Cir. 2017). However, this Court's holdings in *Nelson* and *Knight* addressed N.J.S.A. 2C:12-1(b)*(5)(a)*, which converts a simple assault that is committed upon a law enforcement officer acting in the performance of his duties into a third degree aggravated assault. Thus, this Court's *Nelson* opinion and *Knight* opinion delved into a different subsection of N.J.S.A. 2C:12-1(b) than the subsection at issue for Hedgeman, *i.e.*, subsection (b)*(7)*. Hence, those opinions are distinguishable from this case on that ground alone.

Furthermore, the entry of this Court's *Knight* opinion pre-dated the issuance, and thus was entered without the benefit, of the *Voisine* opinion and its progeny that this Court has found to be persuasive. In addition, the *Nelson* opinion was entered while this area of the law was still unsettled, as the opinion pre-dated the issuance of the Sixth Circuit's *Verwiebe* opinion, the Tenth Circuit's *Pam* opinion, and the Fifth Circuit's *Mendez-Henriquez* opinion. Furthermore, the *Nelson* opinion was entered before the Eighth Circuit's *Fogg* opinion and the Fifth Circuit's *Howell* opinion were truly final due

to petitions for a writ of certiorari that were pending before the United States Supreme Court in relation to those two appellate opinions. Thus, to the extent that this Court's *Nelson* opinion and *Knight* opinion can be read to hold that a conviction may not be considered to be a crime of violence under the Guidelines if it has an element of recklessness, they should no longer be followed.[7]

### E.   Generic aggravated assault

The Model Penal Code provides that a person commits aggravated assault when he "(a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon." Model Penal Code § 211.1(2). The Court would have compared this generic definition to the definition set forth under N.J.S.A. 2C:12-1(b)(7) if the Court were proceeding with the analysis under Section 4B1.2(a)(2) of the Guidelines.[8]

However, it is unnecessary for the Court to engage in such analysis, as the Court has already concluded that the Third Degree Aggravated Assault Conviction is a crime of

---

[7]   The Government filed a notice of cross-appeal from the portion of this Court's *Knight* opinion that held that a conviction under N.J.S.A. 2C:12-1(b)(5)(a) was not a crime of violence, but subsequently withdrew that cross-appeal for reasons that are unknown to this Court. *See Knight*, 705 F. App'x at 60 n.3.

[8]   In particular, the Court would have been compelled to compare the language from the generic definition of an aggravated assault concerning "serious bodily injury," to the language from the definition under N.J.S.A. 2C:12-1(b)(7) concerning "significant bodily injury."

violence as defined under Section 4B1.2(a)(1) of the Guidelines. *See Wilson*, 2018 WL 444190, at *2 n.2, *3, *7 n.10; *Knight*, 705 F. App'x at 62 n.24.

## IV.     Conclusion

For the aforementioned reasons, the Court concludes that Hedgeman's Third Degree Aggravated Assault Conviction constitutes a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A), as defined by U.S.S.G. § 4B1.2(a)(1). As posited by the Government, Hedgeman's advisory Guidelines range for his sentence is 92 months to 115 months as a result.

A sentencing hearing before the Court will follow. The Court will enter an appropriate order.

**JOSE L. LINARES**
Chief Judge, United States District Court

Dated: January ___23rd___, 2018